# Exhibit A

1

2

3

4

5

6

7

8

ENDORSED FILED
SUPERIOR COURT

OCT 0 1 2025

COWLITZ COUNTY
STACI MYKLEBUST, Clerk

9           SUPERIOR COURT OF THE STATE OF WASHINGTON
10                          COWLITZ COUNTY

11   CYNTHIA WONG, individually and on behalf   Case No. **25  2  01088  08**
12   of all others similarly situated,

                                              **CLASS ACTION COMPLAINT**
13                      *Plaintiff,*
                                              **JURY DEMAND**
14            vs.

15   Home Depot U.S.A., Inc.,

16                      *Defendant.*

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents

I.      Introduction. ...........................................................................................................................1

II.     Parties. ...................................................................................................................................1

III.    Jurisdiction and Venue. ........................................................................................................2

IV.     Facts. .....................................................................................................................................2

        A.     Defendant advertises fictitious, supposedly time-limited discounts on its website. ...........2

        B.     Defendant sends false and misleading emails to promote its fake sales. ............................15

        C.     No adequate remedy at law. .................................................................................................22

V.      Class action allegations. .....................................................................................................23

VI.     Claims. .................................................................................................................................24

        Count 1: Violations of Washington's Commercial Electronic Mail Act (By Plaintiff and the

                Class). ................................................................................................................................24

        Count 2: Violations of the Washington Consumer Protection Act via misleading emails. ............26

VII.    Jury Demand. .......................................................................................................................28

VIII.   Prayer for Relief. .................................................................................................................28

CLASS ACTION COMPLAINT
Case No.

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**I.    Introduction.**

1.    Deceptive marketing emails plague consumers' inboxes. To put an end to this, the Washington legislature enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190. CEMA prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2.    Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") makes, markets, and sells bedding and bath products, including sheets, towels, pillows, and comforters, as well as loungewear and home décor (the "Company Store Products" or "Products"). The Products are sold online through Defendant's Company Store website, www.thecompanystore.com (the "Company Store Website") and Home Depot's own website, www.homedepot.com (the "Home Depot Website") (collectively, the "Websites").

3.    Defendant's Websites advertise discounts off of the regular prices for its Products. And Defendant sends commercial emails to Washington residents with subject lines promoting these discounts, for example, "Hours Left to Save Up to 30% Off!"

4.    Defendant's advertised discounts, however, are made up. Unlike legitimate discounts—where the seller offers a special, lower-than-usual price for a limited period of time—Defendant's discounts persist continuously. On any given day, steep discounts off of Defendant's supposed list prices are always available. As a result, Defendant's advertised regular prices, advertised discounts, and advertised expiration dates are all false and misleading. And so—when Defendant puts these false and misleading advertisements in the subject line of an email, Defendant violates CEMA (as well as Washington's Consumer Protection Act or "CPA"). *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

5.    Plaintiff is a Washington resident who received emails from Defendant promoting Defendant's made-up discounts in the subject line. Plaintiff brings this case to protect Washington residents from Defendant's false and misleading emails about its purported discounts.

**II.    Parties.**

6.    Plaintiff Cynthia Wong is domiciled in Woodland, Washington.

7.    The proposed class includes citizens of Washington.

CLASS ACTION COMPLAINT
Case No.

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1    8.    Defendant Home Depot U.S.A., Inc. is a Delaware corporation with its principal place

2  of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

3  **III.    Jurisdiction and Venue.**

4    9.    This Court has subject matter jurisdiction under the Washington State Constitution,

5  which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter

6  jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial

7  Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction

8  over claims brought under CEMA and the CPA.

9    10.    This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant

10  transacts business in Washington. The claims giving rise to this action arise from Defendant's

11  transaction of business in this state and also Defendant's purposeful transmission of electronic mail

12  messages to Washington residents. This Court also has personal jurisdiction over Defendant under

13  RCW 19.86.160 because Defendant has engaged in conduct in violation of the CPA that has had an

14  impact in Washington.

15    11.    Venue is proper in Cowlitz County Superior Court because Defendant resides here for

16  purposes of venue. RCW 4.12.025. At all relevant times, Defendant has transacted business in Cowlitz

17  County, including by selling products to customers living in Cowlitz County and by sending electronic

18  mail messages to residents of Cowlitz County, including to Plaintiff.

19  **IV.    Facts.**

20    **A.    Defendant advertises fictitious, supposedly time-limited discounts on its website.**

21    12.    Defendant makes, markets, and sells bedding and bath products, including sheets,

22  towels, pillows, and comforters, as well as loungewear and home décor. Defendant sells its Products

23  directly to consumers online, including through its Websites.

24    13.    On both Websites, Defendant similarly creates the false impression that its Products'

25  regular prices are higher than they truly are.

26    14.    The Company Store Website advertises substantial sales offering "X% Off" sitewide, or

27  else advertising substantial discounts on certain purchases or products and then offering "X% Off

CLASS ACTION COMPLAINT
Case No.

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  Everything Else" (e.g., "Up to 40% Off Epic Weekly Deals … 25% Off Everything Else").[1] The sales

2  are advertised prominently on the website's homepage, as well as on banners across the site. For

3  example:

4      Homepage:



*Captured April 17, 2022*

---

26  [1] Defendant's sales include some limited restrictions and exclusions, including "new arrivals, heavy weight charges, past purchases, gift cards, taxes, shipping or processing charges." Most products, however, are included in Defendant's sales and are almost always sold as a discount.

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



*Captured May 1, 2023*



*Captured November 22, 2024*



*Captured June 11, 2025*

1

Banners:

2



3

4

5

6

7

8

*Captured December 9, 2023*

9

10

*Captured June 14, 2023*

11

12

13    **Friends & Family Event: 25% Off Sitewide\* Code: FRIENDS24 >  Terms**

14

15

*Captured October 3, 2024*

16

17    **Ends Today: Up to 40% Off Epic Weekly Deals + 25% Off Everything Else\* Code: BFDEALS24 >  Terms**

18

19

*Captured November 3, 2024*

20

21    **Final Days Semi-Annual Sale: Up to 30% Off Sitewide >  Terms**

22

23

*Captured February 3, 2025*

24

25    **Limited Time Only: 40% Off Epic Deals & 25% Off Everything Else\* | Code: FLASH25 >  Terms**

26

27

*Captured July 9, 2025*

CLASS ACTION COMPLAINT          5          Dovel & Luner, LLP
Case No.                                   201 Santa Monica Blvd., Suite 600
                                           Santa Monica, CA 90401
                                           (310) 656-7066

15.     Pages across the Company Store Website also extensively advertise the purported sales, including on product search pages, on individual product pages, and during checkout. These pages advertise the sales in a variety of ways, including by showing allegedly on-sale items with a regular price (and purported former price) in strikethrough font alongside a supposedly discounted price in red, by advertising that a consumer is getting "X% Off" by purchasing, and by advertising that a consumer has "[s]aved" a specific amount by purchasing during the sale. For example:



*Captured May 3, 2023*

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



*Captured May 19, 2024*



*Captured February 3, 2025*

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10
11
12



*Captured August 7, 2024*

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



*Captured September 3, 2025*

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066





*Captured September 3, 2025*

*Captured September 3, 2025*

16.    Defendant regularly represents that the purported sales on the Company Store Website are "[l]imited [t]ime" promotions that will end on a specific date (for example, "Ends Today" or "Final

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Days"), or which are tied to specific holidays or events (for example, "Black Friday Sale," or "Weekend Summer Sale"). To reasonable consumers, this means that the sales will end at the listed time or shortly after the holiday that allegedly corresponds with the sale. And reasonable consumers believe that once the purportedly limited-time sale has ended, they will have to pay a Product's purported regular price and will not be able to get the Product for a discounted price.

17.    But Defendant's sales are not really limited-time. Instead, immediately after each purportedly time-limited sale ends, Defendant generates another similar discount.

18.    For example, on November 3, 2024, Defendant advertised a sale of "Up to 40% Off Epic Weekly Deals + 25% Off Everything Else," and claimed that the sale would end that day ("Ends Today"):



*Captured November 3, 2024*

19.    But the exact same sale was available two days later, on November 5, 2024, this time advertised as a "Black Friday" sale:



*Captured November 5, 2024*

20.    As a second example, on July 22, 2024, Defendant advertised a "Weekend Summer Sale" that purportedly ended that day and offered "35% Off" orders of "$400+" and "25% Off Everything Else":



*Captured July 22, 2024*

CLASS ACTION COMPLAINT
Case No.

10

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

21.     But the next day, July 23, 2024, the same Weekend Sumer Sale was "extended" and was still available:



*Captured July 23, 2024*

22.     As shown above, in some cases, to obtain Defendant's advertised discounts on the Company Store Website, consumers must enter an advertised promotional code. When promotional codes are necessary to access a sale, the codes are prominently advertised across the Company Store Website. For example, promotional codes are routinely shown on the website's home page and on the banner at the top of every page on the website, as well as on search pages next to products, and on individual product pages. As a result of this extensive advertisement, reasonable consumers notice when Defendant advertises promotional codes. And, because reasonable consumers value discounts, when promotional codes are required to access a discount, the overwhelming majority (if not all) of Defendant's sales are made by consumers using the promotional codes, at the advertised discount price (and not the supposedly regular list price).

CLASS ACTION COMPLAINT
Case No.

11

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

23.    To confirm that Defendant consistently offers discounts off of its purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org)[2] and screen captures from the Company Store Website. That investigation confirms that Defendant's use of false reference prices and misleading discounts has persisted continuously for years. For example, Plaintiff's Counsel randomly collected two screenshots a month of the Company Store homepage from January 2023 through September 2025. Of the 66 screenshots collected, 60—or around 94%—of them showed a sitewide sale or a near-sitewide sale.

24.    Some—but not all—of Defendant's sitewide sales on the Company Store Website are limited in their terms to purchases that total at least $75. However, a very large percentage of Company Store Products are advertised with list prices of at least $75. For these Products, Defendant's sitewide sales *always* apply because just purchasing one of the Products is sufficient to meet the $75 threshold. Plus, in any event, reasonable consumers want to access Defendant's sales and thus, will make purchases of over $75 to meet the threshold for the sale. So, as a result of both consumer behavior and Defendant's Products routinely costing at least $75, the vast majority of Defendant's sales meet the $75 threshold when it is appliable—meaning that the vast majority of sales of all products are made at a sales price.

25.    The way Defendant advertises its purported discounts on the Home Depot Website is materially similar to how it advertises its purported discounts on the Company Store Website. So, the advertised discounts are false and deceptive in the same way. For example:

---

[2] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



*Captured September 5, 2025*



*Captured August 7, 2024*

CLASS ACTION COMPLAINT
Case No.

13

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



*Captured July 31, 2024*



*Captured September 5, 2025*

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

26.     As shown above, Defendant shows the same purported regular prices, but offers the Company Store Products at—or routinely below—the purported discount prices on the Company Store Website. The chart below provides the purported regular and discount prices for five Products on both Websites on September 3, 2025:

| Product | Company Store Purported Regular Price | Company Store Discounted Price | Home Depot Purported Regular Price | Home Depot Discounted Price |
|---------|----------------------------------------|--------------------------------|-------------------------------------|------------------------------|
| Luxe Royal Down Medium Warmth Comforter (White, King) | $899.00 | $674.25 | $899.00 | $584.00 |
| Royal Down Pillow (Soft, Standard) | $299.00 | $269.10 | $299.00 | $209.00 |
| Turkish Cotton 6-Piece Bath Set (Teal) | $124.00 | $93.00 | $124.00 | $87.00 |
| Regal Cotton Bath Rug (White, 17 in. x 24 in.) | $54.00 | $43.20 | $54.00 | $38.00 |
| Premium Smooth Supima® Cotton Wrinkle-Free Sateen Flat Bed Sheet (White, Queen) | $109.00 | $87.20 | $109.00 | $76.00 |

27.     Thus, Defendant does not regularly sell the Company Store Products for the purported regular prices on either the Company Store or the Home Depot websites.

**B.     Defendant sends false and misleading emails to promote its fake sales.**

28.     To promote the supposed discounts it advertises on its website, Defendant sends commercial emails to consumers on its mailing list. The subject lines of those emails frequently advertise

CLASS ACTION COMPLAINT
Case No.

15

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

supposed sales that are available on Defendant's products, for example, "Labor Dale Sale." They also

frequently advertise steep percent-off discounts, for example, "30% Off Everything" or "Save Up to

30% Off." The subject lines also frequently represent that the sale is limited in time and is ending soon,

for example: "Hurry! ... Ends Soon," "Ends Tomorrow," "Today's the Last Day to Save," "Ends

Tonight! Don't Miss Out," "Hours Left to Save," "Final Call," and "Going, going ... gone."

29.     Defendant's subject lines are false and misleading.  First, Defendant's email subject lines

state that a special sale is going on (for example, "Labor Day Sale"). To reasonable consumers, this

means that a sale is running that allows them to purchase Products at a lower-than-usual price. Second,

Defendant's email subject lines state that the recipient will receive a certain percentage discount (for

example, "30% Off Everything") if they buy during a specified timeframe. To reasonable consumers,

this conveys that if they buy during the sale, they will receive the specified percentage off *Defendant's*

*regular prices*, i.e., the price at which Defendant typically sells the Products, sold the Products before the

promotion started, and will sell the Products again when the promotion ends. But here, because

Defendant always offers significant, materially similar, sitewide discounts, consumers who buy during a

supposed sale do not actually have the chance to buy Defendant's Products at a lower-than-usual price.

Nor do they get the advertised discount off of Defendant's regular prices. Instead, they get a much

smaller discount, or no discount at all. In other words, based on Defendant's email subject lines,

reasonable recipients believe that if they buy during a sale they will receive a real discount off of

Defendant's true regular prices, but in fact what they receive is a nominal discount off of fictitious,

inflated prices at which Defendant's products are rarely, if ever, sold. So these email subject lines are

false or, at a minimum, misleading.

30.     Second, Defendant's email subject lines often state that the discounts are limited-

duration or ending soon (for example, "Ends Tomorrow," "Today's the Last Day to Save," or "Hours

Left to Save"). To reasonable consumers, these statements convey that the advertised discount is only

available for a limited period and that, after the period ends (i.e. after "Today"), Defendant's products

will go back to retailing at the price to which the discount (such as "30% Off Sitewide") is applied. But

in reality, after the specified time period, Defendant either continues the sale that supposedly ends

CLASS ACTION COMPLAINT
Case No.

16

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

"Today," or replaces it with a materially similar sale offering materially similar discounts on Defendant's products. So email subject lines that contain these statements are false or, at a minimum, misleading, for this additional reason.

31.     Defendant sends these emails for the purpose of promoting its goods for sale and to drive sales. By misrepresenting the amount of its supposed discounts and the duration of its supposed sales, Defendant creates a false sense of urgency. And Defendant compounds this sense of urgency by accompanying the promise of deals with statements like "Ends Tonight! Don't Miss Out," "Hours Left to Save," and "Final Call." Recipients who read Defendant's email subject lines believe that if they act now, they can purchase a higher value item at a limited-time discount. If they wait, then the discount will expire and they will have to pay the former or regular price.

32.     Defendant routinely sends these kinds of deceptive emails to Plaintiff and other class members. Below are some examples.

33.     On August 21, 2025 at 5:01 P.M., Defendant sent a commercial email to Plaintiff and other class members with a subject line that read, "Hours Left to Save Up to 30% Off":



CLASS ACTION COMPLAINT
Case No.

17

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

34.     Based on the representations in the subject line, reasonable recipients of the August 21, 2025, email, including Plaintiff, believed that if they purchased during the sale, they would receive this special discount off of the regular and former prices of Defendant's Products. They also believed that Defendant was offering a limited time sale that was ending soon ("Hours Left"), i.e., that hours after the email was sent, customers would no longer be able to "Save Up to 30% OFF." And they believed that, if they were to wait (in this case until mere hours had passed), the sale would be over and the Products' prices would return to their regular prices (the prices to which "Up to 30% OFF") is applied.

35.     But the sale did not end, and Products' prices did not return to their regular prices. For example, after those "Hours Left" for the 30% discount passed by, Defendant continued to offer a 30% discount. The morning after the next day, at 8:32 A.M. on August 23, 2025, Defendant sent another commercial email to Plaintiff and other class members with a subject line that read, "30% Off Everything—Labor Day Sale."

36.     This was confirmed by Plaintiff's counsel's investigation using the Internet Archive's Wayback Machine described above, which consistently showed that Defendant was offering a sitewide sale or a near sitewide sale on its Products:

| Date[3] | Advertised Sale |
|---|---|
| 1/2/2023 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 2/1/2023 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 3/18/2023 | Friends & Family Event – 20% Off Sitewide |
| 4/12/2023 | Friends & Family Event – 20% Off Sitewide |
| 5/1/2023 | Summer Sale – Up to 25% Off Sitewide |
| 6/15/2023 | Summer Sale – Up to 35% Off Sitewide |
| 7/14/2023 | Summer Savings – 25% Off Sitewide |
| 7/31/2023 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 8/3/2023 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 9/12/2023 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 10/1/2023 | Friends & Family Event – 20% Off Sitewide |
| 11/5/2023 | Black Friday: 25% Off Sitewide! |
| 12/6/2023 | The Most Wonderful Sale of The Year – Ends Today – Up to 50% Off All Holiday |

---

[3] Date refers to the date of the archive available on the Wayback Machine.

CLASS ACTION COMPLAINT
Case No.

18

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Date[3] | Advertised Sale |
|---|---|
| 12/27/2023 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 1/14/2024 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 1/14/2024 | Limited Time: Up to 35% Off Best Sellers |
| 2/7/2024 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 3/23/2024 | Friends & Family Event: 25% Off Sitewide |
| 4/13/2024 | Spring Comfort Sale: 25% Sitewide |
| 5/11/2024 | Summer Sale: Up to 30% Off Sitewide |
| 6/24/2024 | Hello Sunshine Sale: Up to 30% Off Sitewide |
| 7/19/2024 | Weekend Summer Sale - 35% Off Orders $400+ & 25% Off Everything Else |
| 8/2/2024 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 9/3/2024 | Limited Time Only – Labor Day Sale – 35% Off Orders $400+ & 25% Off Orders $75+ |
| 9/29/2024 | Friends & Family Event: 25% Off Sitewide |
| 10/2/2024 | Friends & Family Event: 25% Off Sitewide |
| 11/10/2024 | Limited Time Only – Black Friday Sale – Up to 40% Off Epic Weekly Deals & Enjoy 25% Off Everything Else |
| 11/22/2024 | Limited Time Only – Black Friday Sale – Up to 40% Off Epic Weekly Deals & Enjoy 25% Off Everything Else |
| 12/12/2024 | Ends Today - Most Wonderful Sale – 30% Off Comforters, Pillows, & More + 25% Off Everything Else |
| 1/19/2025 | Winter Flash Sale: 25% Off Sitewide + Up to 65% Off Clearance |
| 2/15/2025 | Limited Time Only – Presidents' Day Sale – 40% Off Specials + 25% Off Sitewide |
| 3/6/2025 | Friends and Family Event 25% Off (Almost) Everything |
| 4/26/2025 | Summer Sale: Up to 30% Off Sitewide + Extra Savings on Best Sellers |
| 5/20/2025 | Memorial Day Sale: 40% Off Epic Deals & 25% Off Everything Else |
| 6/11/2025 | Hello Sunshine Sale – Up to 30% Off Sitewide |
| 7/9/2025 | Limited Time Only: 40% Off Epic Deals & 25% Off Everything Else |
| 7/30/2025 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 8/15/2025 | Semi-Annual Sale: Up to 30% Off Sitewide |
| 8/21/2025 | Semi-Annual Sale Final Days: Up to 30% Off Sitewide |
| 9/4/2025 | Fall Comfort Sale Up to 30% Off Sitewide |
| 9/12/2025 | Fall Comfort Sale Up to 30% Off Sitewide |

37.     Accordingly, the subject line of Defendant's August 21, 2025, email—"Hours Left to Save Up to 30% Off"—was false and misleading in two ways. First, the subject line's assertion that recipients would get "30%" off was false and misleading. Because, as shown above, Defendant's sales are always available, recipients of the email could not actually get 30% off of Defendant's regular prices. Instead, they could get a nominal discount off of fictious list prices at which Defendant's products are

CLASS ACTION COMPLAINT
Case No.
19
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

rarely if ever sold. Second, the duration of the sale as represented by the subject line was deceptive because recipients of the email could regularly and consistently get up to 30% off on Defendant's Products. As shown above, the ability to get up to 30% off was not limited to "Hours Left" on August 21, 2025. It was regularly available before and after Defendant sent the email. The August 21, 2025, email was false, misleading, and violated CEMA.

38.      As a second example, on August 23, 2025, Defendant sent another commercial email to Plaintiff and other class members with a subject line that read, "30% Off Everything—Labor Day Sale."



39.      Based on the representations in the subject line, reasonable recipients of the August 23, 2025, email, including Plaintiff, believed that if they purchased during the sale, they would receive this special discount off of the regular and former prices of Defendant's Products. They believed that Defendant was offering a limited time sale that (a) began just before Labor Day, i.e., that shortly before

CLASS ACTION COMPLAINT
Case No.

20

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Labor Day, customers were unable to receive "30% OFF" and (b) was ending soon after "Labor Day" i.e., that soon after Labor Day, customers would no longer be able to receive "30% OFF." And they believed that, if they were to wait (in this case until after Labor Day), that the sale would be over and the Products' prices would return to their regular prices (the prices to which "30% OFF") is applied.

40.    But, as shown above, Defendant's Products were regularly available for a discount, including "30% Off," both before and after the purported "Labor Day" sale. For example, just before this Labor Day sale, Defendant was promoting its "Semi-Annual Sale" with "30% Off" discounts. And just after the Labor Day Sale, Defendant was promoting its "Semi Annual Sale" with "30% Off" discounts.

41.    Accordingly, the subject line of Defendant's August 23, 2025, email ("30% Off Everything—Labor Day Sale") was also false and misleading in two ways. First, the subject line's assertion that recipients would get "30%" off was false and misleading. Because, as shown above, Defendant's sales are always available, recipients of the email could not actually get 30% off of Defendant's regular prices. Instead, they could get a nominal discount off of fictious list prices at which Defendant's products are rarely if ever sold. Second, the duration of the sale as represented by the subject line was deceptive because recipients of the email could regularly and consistently get up to 30% off on Defendant's Products. As shown above, the ability to get up to 30% off was not limited to the time period around Labor Day. It was regularly available well before Labor Day and well after Labor Day. The August 23, 2025, email was false, misleading, and violated CEMA.

42.    The following are additional example emails with false and misleading subject lines that Defendant sent to Plaintiff and putative class members:

| Email Date | Subject Line |
| --- | --- |
| 8/16/2025 | "Our #1 Quilt--Now Up to 40% Off" |
| 8/17/2025 | "Up to 40% Off--Final Call" |
| 8/17/2025 | "Today's the Last Day to Save" |
| 8/18/2025 | "Best in Class Towels: Up to 30% Off" |
| 8/21/2025 | "Sale Ends TONIGHT! Don't Miss Out" |
| 8/21/2025 | "Hours Left to Save Up to 30% Off" |
| 8/23/2025 | "30% Off Everything--Labor Day Sale" |

| 8/24/2025 | "Summer + Fall Essentials--30% Off" |
| 8/28/2025 | "Our Premium-Quality Bedding: 30% Off" |
| 9/11/2025 | "Your Fave Fall Bedding is 30% Off" |
| 9/14/2025 | "30% Off FLASH SALE Ends Tonight" |
| 9/14/2025 | "LAST DAY: 30% Off Select New Arrivals" |

43.     Defendant knows, or has reason to know, that it sends its emails containing false and misleading subject lines to Washington residents. Defendant knows where recipients of its emails reside because (i) Defendant has physical addresses associated with recipients' accounts or orders; and (ii) Defendant has access to data regarding the recipient including the recipient's state of residence, such as geocoordinate and IP address tracking in Defendant's promotional emails.

44.     Defendant also knows what sales it is offering and knows that, in truth, it almost always offers sales and its sales are not truly ending soon.

45.     Defendant's commercial emails containing false and misleading information about its fake sales clog up inboxes with spam email, waste limited data space, and violate Plaintiff's and putative class members' statutory right to be free from deceptive commercial emails.

46.     Plaintiff was not, and putative class members are not, aware that Defendant's email subject lines are false and misleading. Reasonable consumers are not monitoring Defendant's website and tracking its discounts every day for months or years to determine whether or not the sales are real, and whether or not the email subject lines promoting those sales are true.

**C.     No adequate remedy at law.**

47.     Plaintiff seeks an injunction. Plaintiff is permitted to seek an injunction because she has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Defendant from continuing to transmit emails with false or misleading subject lines to Washington residents.

48.     CEMA gives Plaintiff a clear right not to receive commercial emails that have false or misleading subject lines and Plaintiff does not want to receive such emails. Defendant has sent emails to Plaintiff regularly for an extended period of time so she has a well-grounded fear that Defendant will continue to violate her right to be free of such commercial emails.

CLASS ACTION COMPLAINT
Case No.

22

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

49.     Defendant's sending of false and misleading commercial emails also results in actual and substantial injury to Plaintiff. First, it violates her statutory right not to receive commercial emails that contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030. Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiff and putative class members. Second, as described above, these deceptive promotions also cause harm by clogging up Plaintiff's inbox, wasting email storage space, and creating a false sense of urgency to purchase Defendant's products. So, while Plaintiff would like to receive truthful information from Defendant, she does not want to receive emails with false and misleading subject lines. Due to Defendant's conduct, Plaintiff cannot tell which emails from Defendant contain truthful information and which emails are spam with false and misleading information designed to spur her into making a purchase. Without a court order requiring Defendant to send only honest emails about its sales, she cannot rely on the emails she receives thereby causing actual and substantial injury.

**V.      Class action allegations.**

50.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- all Washington residents who received promotional emails from Defendant with subject lines advertising sales or discounts on its Products.

51.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

CLASS ACTION COMPLAINT
Case No.

23

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  *Numerosity*

2       52.    The proposed class contains members so numerous that separate joinder of each

3  member of the class is impractical. There are at least thousands of Class members in Washington.

4       53.    Class members can be identified through Defendant's electronic mailing lists.

5  *Existence of Common Questions*

6       54.    There are questions of law and fact common to the proposed class. Common questions

7  of law and fact include, without limitation:

8       (1) whether Defendant's email subject lines regarding its purported discounts are false or

9       misleading;

10      (2) whether Defendant's email subject lines violate CEMA;

11      (3) whether Defendant's email subject lines violate the CPA;

12      (4) the greater of actual damages or statutory damages due to Plaintiff and the proposed Class.

13 *Typicality & Adequacy*

14      55.    Like members of the proposed Class, Plaintiff received emails from Defendant that

15 contain false or misleading subject lines regarding Defendant's discounts.

16      56.    There are no conflicts of interest between Plaintiff and the Class.

17 *Superiority*

18      57.    A class action is superior to all other available methods for the fair and efficient

19 adjudication of this litigation because individual litigation of each claim is impractical. It would be

20 unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits,

21 every one of which would present the issues presented in this lawsuit.

22 **VI.    Claims.**

23      **Count 1: Violations of Washington's Commercial Electronic Mail Act**

24      **(By Plaintiff and the Class)**

25      58.    Plaintiff incorporates each and every factual allegation set forth above and below.

26      59.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

27

CLASS ACTION COMPLAINT                    24                    Dovel & Luner, LLP
Case No.                                                        201 Santa Monica Blvd., Suite 600
                                                                Santa Monica, CA 90401
                                                                (310) 656-7066

60.     CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020. Advertising fake discounts in the subject line of a promotional email, with fake time pressure, violates CEMA. *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

61.     Defendant is a "person" under CEMA. RCW 19.190.010(11).

62.     As alleged more fully above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

63.     Defendant's email subject lines stating the purported discount recipients will receive if recipients purchase during the sale are false and misleading because, as discussed above, consumers do not truly receive the discounts Defendant advertises. Instead, because substantial discounts are almost always available, the purported discounts are illusory.

64.     Defendant's email subject lines stating the supposed duration of its sales are false and misleading because, as discussed above, Defendant's sales are almost always available.

65.     Defendant sent these emails to Plaintiff and Class members for the purpose of promoting Defendant's Products for sale.

66.     As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA.

67.     Defendant knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

68.     Based on the emails Defendant sent to Plaintiff, Defendant has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

69.     Defendant's acts and omissions violated RCW 19.190.020(1)(b).

70.     Defendant's acts and omissions injured Plaintiff and Class members.

71.     The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is

CLASS ACTION COMPLAINT
Case No.

25

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1    in the public interest. Defendant's unlawful behavior is ongoing as of the date of the filing of this

2    pleading, so without the entry of a permanent injunction, Defendant's unlawful behavior will not cease

3    and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

4        72.    Plaintiff and Class members are therefore entitled to injunctive relief in the form of an

5    order enjoining further violations of RCW 19.190.020(1)(b).

6    **Count 2: Violations of the Washington Consumer Protection Act via misleading emails**

7                          **(By Plaintiff and the Class)**

8        73.    Plaintiff incorporates each and every factual allegation set forth above and below.

9        74.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

10       75.    Plaintiff and Class members are "person[s]" within the meaning of the CPA. RCW

11   19.86.010(1).

12       76.    As alleged above, Defendant violated CEMA by initiating the transmission of

13   commercial electronic mail messages to Plaintiff and Class members that contained false or misleading

14   information in the subject line.

15       77.    A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

16       78.    A violation of CEMA establishes all elements of the CPA as a matter of law.

17       79.    As alleged more fully above, Defendant's transmission of commercial electronic

18   messages to Plaintiff and Class members that contained false or misleading information in the subject

19   line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or

20   commerce.

21   ***Unfair Acts or Practices***

22       80.    As alleged in detail above, Defendant committed "unfair" acts by falsely stating in email

23   subject lines that it was offering a discount off the regular prices of its Products, and that customers

24   could receive that discount only by purchasing during the sale period, when none of this was true.

25       81.    The harm to Plaintiff and the Class greatly outweighs the public utility of Defendant's

26   conduct. There is no public utility to misrepresenting whether Defendant's Products are discounted and

27   misrepresenting the duration of its sales. Plaintiff and the Class's injuries were not outweighed by any

1    countervailing benefits to consumers or competition. Misleading consumers only injures healthy

2    competition and harms consumers.

3         ***Deceptive Acts or Practices***

4         82.    As alleged in detail above, Defendant's representations in email subject lines regarding

5    the amount of discount that an email recipient could receive and the duration of the supposed sale was

6    deceptive.

7         83.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and other

8    reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care,

9    that these statements were inaccurate and misleading.

10        84.    Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus

11   impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

12        85.    Defendant's acts and omissions caused injury to Plaintiff and Class members. In

13   addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of

14   law.

15        86.    Under the CPA, "[p]rivate rights of action may ... be maintained for recovery of actual

16   damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages,"

17   and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own

18   rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—

19   Introduction) (internal citations omitted); RCW 19.86.090.

20        87.    Under the CPA, Plaintiff and Class members are entitled to, and seek, the greater of

21   actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiff and

22   Class members seek treble damages, which are permitted under the CPA, including for CEMA

23   violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial

24   rehabilitation, encourage citizens to bring CPA actions, deter Defendant and other persons from

25   committing CEMA violations, and punish Defendant for its false and misleading advertising practices.

26        88.    Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting

27   Defendant's further violations of the CPA.

CLASS ACTION COMPLAINT                    27          Dovel & Luner, LLP
Case No.                                             201 Santa Monica Blvd., Suite 600
                                                     Santa Monica, CA 90401
                                                     (310) 656-7066

1    **VII.    Jury Demand.**

2        89.    Plaintiff demands the right to a jury trial on all claims so triable.

3    **VIII.    Prayer for Relief.**

4        90.    Plaintiff seeks the following relief for herself and the proposed class:

5        • An order certifying the asserted claims, or issues raised, as a class action;

6        • A judgment in favor of Plaintiff and the proposed class;

7        • The greater of actual or statutory damages, treble damages, and punitive damages where

8    applicable;

9        • Pre- and post-judgment interest;

10        • An injunction prohibiting Defendant's deceptive conduct, as allowed by law;

11        • Reasonable attorneys' fees and costs, as allowed by law;

12        • Any additional relief that the Court deems reasonable and just.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT
Case No.

28

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1

Dated: October 1, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Respectfully submitted,

By: */s/ Cody Hoesly*
Cody Hoesly (WA Bar No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Rick Lyon (Cal. Bar No. 229288)*
rick@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)*
jonas@dovel.com
Grace Bennett (Cal. Bar No. 345948)*
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*

**Pro Hac Vice* applications forthcoming

CLASS ACTION COMPLAINT
Case No.

29

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

SUPERIOR COURT OF THE STATE OF WASHINGTON
COWLITZ COUNTY

CYNTHIA WONG, individually and on behalf
of all others similarly situated,

        *Plaintiff,*

     vs.

Home Depot U.S.A., Inc.,

        *Defendant.*

Case No. 25-2-01088-08

**JURY DEMAND**

Plaintiff Cynthia Wong ("Plaintiff") hereby submits this Jury Demand for 12 jurors in this matter.

Dated: October 3, 2025

Respectfully submitted,

By: /s/ Cody Hoesly
Cody Hoesly (WA Bar No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Rick Lyon (Cal. Bar No. 229288)*
rick@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)*
jonas@dovel.com
Grace Bennett (Cal. Bar No. 345948)*
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*

*Pro Hac Vice* applications forthcoming

Page 1 – Jury Demand